Filed 6/28/24  P. v. Marquez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087248 |
| Plaintiff and Respondent, | (Super. Ct. No. BF164183B) |
| v. | |
| DANIEL MADRIGAL MARQUEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Peña, J.

## INTRODUCTION

In 2019, appellant pleaded no contest to voluntary manslaughter and related enhancements in lieu of going to trial for murder. Four years later, he filed a Penal Code section 1172.6[1] petition for resentencing. The trial court denied the petition, finding appellant is ineligible for resentencing because he was convicted after Senate Bill No. 1437 (2017-2018 Reg. Sess.) became effective.

On appeal, appellant contends the trial court erred in denying his resentencing petition based on the date of his conviction. We conclude the trial court did not err because appellant was convicted under the current law. Accordingly, appellant cannot show that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) We also find the trial court's failure to appoint counsel was harmless error. We affirm.

## BACKGROUND

In 2016, the Kern County District Attorney's Office filed an information charging appellant with first degree murder (§§ 187, subd. (a), 189, subd. (a); count 1) with gang-murder special circumstances (§ 190.2, subd. (a)(22)), drive-by-murder special circumstances (§ 190.2, subd. (a)(21)), a gang enhancement (§ 186.22, subd. (b)(1)) and a firearm enhancement (§ 12022.53, subds. (d), (e)(1)). The People also charged appellant with active participation in a criminal street gang (§ 186.22, subd. (a); count 2) and being a felon in possession of a firearm (§ 29800, subd. (a); count 3) with a gang enhancement (§ 186.22, subd. (b)(1)). We need not discuss the facts underlying the charges because they are not relevant to this appeal.

On August 22, 2019, appellant pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted a gang enhancement (§ 186.22, subd. (b)(1)(C)) and an enhancement for furnishing a firearm to another for the purpose of aiding, abetting, or

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

enabling the commission of a felony (§ 12022.4, former subd. (a).) Pursuant to the terms of the negotiated plea agreement, he was sentenced to 19 years in state prison.

On September 13, 2023, appellant, in propria persona, filed a petition for resentencing pursuant to section 1172.6. In the form petition, appellant checked boxes next to statements that information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory under which malice is imputed based solely on participation in a crime, that he pleaded no contest to voluntary manslaughter in lieu of going to trial, and that he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. He also requested appointment of counsel.

The trial court held a hearing on the petition on October 13, 2023. The local public defender's office could not represent appellant due to a conflict. The court referred appellant to the conflict panel for appointment of counsel, and a member of the panel made a special appearance for appellant.

At the hearing, the trial court stated that court records show appellant was convicted on August 22, 2019. The court then denied the petition, ruling appellant is ineligible for resentencing because he cannot meet the criteria set forth in section 1172.6, subdivision (a)(3).

## DISCUSSION

### I. Senate Bill No. 1437 and Resentencing Procedure Under Section 1172.6.

Effective January 1, 2019, Senate Bill No. 1437 (Stats. 2018, ch. 1015, §§ 2-3) made two significant changes to the law of homicide. First, it amended the felony-murder rule to narrow the scope of murder liability for participants in the felony who are not the actual killer. (§ 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448.) Second, it added a new requirement that, except for felony-murder liability, "[m]alice

3.

shall not be imputed to a person based solely on his or her participation in a crime."
(§ 188, subd. (a)(3).) This second change "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*People v. Curiel*, *supra*, 15 Cal.5th at p. 449.)

Senate Bill No. 1437 also added a procedure by which those convicted of a qualifying offense may petition the sentencing court for "relief under the two ameliorative provisions above." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Under section 1172.6, a petitioner must first file a petition containing a declaration that the following requirements for eligibility are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The petition must also include the superior court case number and year of conviction. (§ 1172.6, subd. (b)(1)(B).)

Upon the filing of a facially sufficient petition, the court must appoint counsel, if requested. (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).) The prosecutor must file a response to the petition, and the petitioner may file a reply. (§ 1172.6, subd. (c).) The court must then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*) If the petitioner makes a prima facie showing, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d).) If the court concludes the petitioner has not made a

prima facie showing, it must explain its ruling in a statement of reasons. (§ 1172.6, subd. (c).)

In determining whether the petitioner has made a prima facie showing, the trial court may consider the "record of conviction" to "distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Ibid.*)

The denial of a section 1172.6 petition at the prima facie stage is appropriate only if the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) This is a purely legal conclusion, which we review de novo. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

## II.  Appellant is Ineligible for Resentencing Pursuant to Section 1172.6 Because he was Convicted After Senate Bill No. 1437 Became Effective.

To qualify for resentencing under section 1172.6, the petitioner must show that he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

In *People v. Reyes*, we held that a defendant who pleaded no contest to murder in 2021 was ineligible for resentencing because he could not meet this requirement. (*People v. Reyes* (2023) 97 Cal.App.5th 292, 298 (*Reyes*).) We explained: "[The defendant] was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel. When [the defendant] entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, [the defendant] has already received the benefits of Senate Bill No. 1437." (*Ibid.*)

Our reasoning in *Reyes* is applicable here. Appellant entered his plea in August 2019, after Senate Bill No. 1437's amendments to sections 188 and 189 became effective. With the advice and consent of counsel, appellant accepted the prosecution's offer to plead no contest to voluntary manslaughter in exchange for a stipulated sentence of 19 years. Had appellant elected to proceed to trial, the prosecution could not have proceeded under a now invalid theory of murder, because the law had changed. Accordingly, appellant cannot show that he could not be presently convicted of murder "because of changes" to sections 188 and 189 effectuated by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).)

Appellant contends *Reyes* is inapplicable here because he was convicted prior to the enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), which expanded the scope of resentencing eligibility under section 1172.6. Among other changes, Senate Bill No. 775 clarified that section 1172.6[2] applies not just to those charged with murder under the felony murder theory or the natural and probable consequences doctrine, but to those charged under any theory by which "malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).) Appellant asserts that this amended language narrowed the scope of murder liability beyond the changes effectuated by Senate Bill No. 1437. Thus, he claims the record fails to establish his murder charges were not based on a theory of liability prohibited by Senate Bill No. 775.

We are not persuaded. Unlike Senate Bill No. 1437, Senate Bill No. 775 did not change the substantive law of murder. Specifically, Senate Bill No. 775 did not amend section 188 or 189, which define malice and the felony murder rule. Senate Bill No. 775

---

[2]      When Senate Bill No. 775 was enacted, section 1172.6 was numbered section 1170.95. It was renumbered as section 1172.6 without substantive change on June 30, 2022. (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.) For clarity, we refer to the statute by its current number throughout this opinion.

only amended section 1172.6, the procedural mechanism created by Senate Bill No. 1437 for persons charged under now invalid theories of murder to obtain retroactive relief. Contrary to appellant's claim, Senate Bill No. 775's extension of resentencing eligibility to those charged under any theory involving imputed malice (§ 1172.6, subd. (a)(1)) did not narrow the scope of murder liability. It merely brought section 1172.6 into conformity with Senate Bill No 1437's amendment to section 188, subdivision (a)(3), which provides that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill No. 775 also left undisturbed section 1172.6's requirement that a person is only eligible for resentencing if he or she could not presently be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Based on this record and the date of his conviction, appellant does not meet this requirement. Accordingly, the trial court did not err in denying the petition for resentencing.

## III.    Failure to Appoint Counsel was Harmless Error.

Appellant argues the trial court erred by denying the petition without appointing counsel.

Pursuant to section 1172.6, subdivision (b)(1)(C), the trial court must grant a petitioner's request to appoint counsel if the petition includes the information required by section 1172.6, subdivision (b)(1). This includes a declaration that the petitioner is eligible for relief based on the requirements set forth in section 1172.6, subdivision (a), the superior court case number, and the year of conviction. (§ 1172.6, subd. (b)(1)-(3).)

We agree that appellant met these requirements, and therefore the trial court was required to appoint counsel. However, failure to appoint counsel in this context is "state law error only," subject to the prejudice standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at pp. 957–958.) As we explained above,

based on the date of appellant's conviction, he is conclusively ineligible for resentencing under section 1172.6.  Thus, even if the trial court had appointed counsel, appellant's petition would undoubtedly have been denied for failure to make a prima facie showing. We therefore conclude there is no reasonable probability appellant would have obtained a more favorable result if counsel had been appointed, and the error was harmless.  (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

## **DISPOSITION**

The trial court's order denying the resentencing petition is affirmed.